UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yeon Hee Kim, on behalf of herself and all others similarly situated, | Civil Case No. 24-CV-2724 |
| Plaintiff, | |
| v. | **COLLECTIVE COMPLAINT** |
| ABC Companies 1-10 (names fictitious) DBA Lulu & Dino Café and Bakery and Michael Park, | **Jury Demanded** |
| Defendants, | |

Plaintiff, Yeon Hee Kim ("Plaintiff" or "Ms. Kim"), by her attorneys, Ryan Kim Law, P.C., complaining of Defendants ABC Corporation (fictitious name) DBA Lulu & Dino Café and Bakery ("Bakery") and Michael Park ("Park"), in his individual and official capacities, (collectively "Defendants"), alleges as follows:

## INTRODUCTION

1. This action seeks to remedy (1) the unlawful discrimination and retaliation directed at Plaintiff on the basis of her disability, in violation of the Executive Law of the State of New York, New York State Human Rights Law (the "Executive Law" or "NYSHRL"), Section 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, et seq.

2. Plaintiff also brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), and pursuant to the New York Labor Law Art. 6, §§ 190 et seq. ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits.

1

3. Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, and implementing policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

4. Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

**PARTIES**

5. Plaintiff, a resident of New Jersey, is a former employee of Lulu & Dino Café and Bakery where she worked from October 3, 2022, until October 6, 2022.

6. Plaintiff is a covered employee within the meaning of the FLSA and NYLL, an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL.

7. Defendant the Bakery is a privately held company in New York with a principal place of business at 219-02 Northern Blvd. Bayside, NY 11361.

8. Defendant the Bakery is a covered employer that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL and is an "employer" within the meaning of the NYSHRL and the NYCHRL because it has four (4) or more persons in its employment.

9. At all relevant times herein, Defendant Park was an "employer" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

10. In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage, and detriment, one or more of the defendants acted and operated interchangeably as principals, agents, instrumentalities, and/or alter egos of one or more of them and/or each other.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 29 U.S.C. § 216(b), and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

12. This Court also has diversity jurisdiction with respect to Plaintiff's claims pursuant to 28 U.S.C. § 1332.

13. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff and Defendants are citizens of a foreign state and the state of New York.

14. Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

15. Plaintiff's claims involve matters of national or interstate interest.

16. Defendant the Bakery is subject to personal jurisdiction in New York because, among other things: (a) it is a New York corporation; (b) conducts business in New York; and (b) maintains an office in New York.

17. The individual Defendant Park is also subject to personal jurisdiction in New York because they work and/or reside in New York.

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Eastern District of New York.

20. A substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

21. Plaintiff started working for Defendants on or about October 3, 2022, and remained an employee of Defendants until her unlawful termination on October 6, 2022.

*Unpaid Minimum Wage*

22. For the period commencing on or about October 3, 2022, until October 6, 2022, Plaintiff Yeon Hee Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of 9-10 hours per day and forty (40) hours per week.

23. Plaintiff was hired as a kitchen worker for the defendant.

24. Plaintiff began her work around 9:00 a.m. and ended between 3:00 p.m.

25. She was paid $13.00 per hour which is under the New York State Minimum wage rate of $15.00.

26. Plaintiff was never afforded a meal break during that period of time.

27. Plaintiff was paid in cash.

28. Defendant Park has the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the Bakery's operations, and to exercise control over The Bakery's employees, like Plaintiff.

29. Defendants are liable under the FLSA and NYLL, inter alia, for failing to properly compensate Plaintiff.

30. Plaintiff has been a victim of a policy and plan perpetrated by Defendants that have violated her rights under the FLSA and the NYLL by denying her minimum wage.

31. At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

32. As part of their ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint. This ongoing policy, pattern or practice includes, but is not limited to:

   a. Defendants failed to pay Plaintiff minimum wages; and
   b. Defendants failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

33. Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly refusing and failing to pay employees minimum wages in violation of the FLSA and the NYLL.

34. Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent, and ongoing.

35. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

36. Also, in addition to the other adverse actions described herein, Defendants' refusal to pay Plaintiff proper and just wages is yet another form of harassment, discrimination and retaliation.

***Disability Discrimination and Harassment***

37. On October 5, 2022, a coworker named Mika intentionally pushed Ms. Kim, causing her to fall to the kitchen floor.

38. Following the incident, Ms. Kim reported Mika's behavior to Park, who advised her to address it the next day.

39. When Ms. Kim returned to work the following day, Defendant Park handed her pay and terminated her employment.

40. Park neglected to address the issue of a nondisabled employee intentionally harassing a disabled colleague and instead terminated the disabled employee who was subjected to the harassment.

41. Throughout her employment with the Defendants, the Plaintiff was subjected to discrimination and harassment due to her disability.

42. The Plaintiff is deaf and unable to speak. She can lip-read to understand spoken language to some extent but not with complete accuracy. She relies on sign language and writing to communicate with others.

43. When the Plaintiff was hired by the Defendants, Park was aware from the outset that Ms. Kim had a hearing and speech impairment.

44. As a person with a speech and hearing disability, it is challenging for the Plaintiff to find and maintain employment. While her role as a chef primarily involved cooking, her disability did not affect her ability to perform the job. However, her inability to communicate verbally often resulted in her being treated rudely, disrespectfully, or dismissively, if not with annoyance. The Defendants frequently insinuated that the Plaintiff was fortunate to have her job and that other employers would be reluctant to hire her.

45. Despite her disabilities, which did not hinder her cooking abilities, the Plaintiff exerted extra effort to excel in her work and be a valuable employee. She was aware of gossip about her among coworkers but endured it, considering it part of the challenges faced by disabled workers. However, she was terminated due to her disability despite performing satisfactorily and never receiving prior warnings or reprimands.

### AS AND FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

46. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

47. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

48. Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

49. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the FLSA.

### AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wage Violations

50. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

51. The minimum wage provisions set forth in the New York Labor Law, and its supporting regulations, apply to Defendants and protect Plaintiff.

52. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for each hour worked.

53. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, et seq., and its supporting regulations.

54. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**AS AND FOR A THIRD CAUSE OF ACTION**
**New York Labor Law Article 19 – Recordkeeping Violations**

55. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

56. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 et seq., and supporting regulations.

57. As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be determined at trial and is entitled to recover such amounts, liquidated damages, pre-and post- judgment interests, attorneys' fees, costs, and other compensation pursuant to FLSA.

58. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to recordkeeping.

## AS AND FOR A FOURTH CAUSE OF ACTION
**Disability Discrimination in Violation of Executive Law § 296, et seq.**

59. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

60. Defendants violated Executive Law § 296, et seq., by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating if not the only factor.

61. As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear, and other monetary damages connected with Defendants' action and inactions.

62. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Retaliation in Violation of Executive Law § 296, et seq.**

63. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

64. Defendants violated Executive Law §296, et seq. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

65. As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, loss of past and future wages and benefits, mental anguish, severe

emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

66. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Disability Discrimination in Violation of Administrative Code § 8-107, et seq.

67. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

68. Defendants violated the Administrative Code § 8-107, et seq., by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating if not the only factor.

69. As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear, and other monetary damages connected with Defendants' action and inactions.

70. As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

71. As a result of the outrageous, wanton, malicious and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Retaliation in Violation of Administrative Code § 8-107, et seq.

72. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

73. Defendants violated Administrative Code § 8-107, et seq. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities when complaining of the discriminatory, harassing, and disparate treatment she was subjected to by Defendants.

74. As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

75. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

76. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Yeon Hee Kim prays that this Court award Plaintiff:

i. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to FLSA and the supporting United States Department of Labor regulations;

ii. Unpaid minimum wages pursuant to NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art, 19, § 663;

iii. A declaratory judgment declaring that the practices and policies complained of in this Complaint are unlawful under FLSA and NYLL Art. 19 §§ 650 et seq., and the supporting United States Department of Labor and New York State Department of Labor regulations;

iv. Equitable relief of back pay, salary, and fringe benefits in an exact amount to be determined at trial;

v. Full compensation damages under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, et seq.;

vi. Full liquidated and punitive damages as allowed under the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, et seq.;

vii. Pre-judgment and post-judgment interests;

viii. A declaratory judgment declaring that the acts and practices complained of herein are in violation of the Executive Law and the Administrative Code;

ix. An amount to be determined at trial of lost compensation, back-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

x. Such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

xi. Cost of prosecuting this action and for reasonable attorneys' fees; and

xii. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 11, 2024

                                                                /s/ Ryan Kim
                                                               Ryan J. Kim

                                                               Ryan J. Kim, Esq.
                                                               Ryan Kim Law
                                                               222 Bruce Reynolds Blvd
                                                               Suite 490
                                                               Fort Lee, NJ 07024
                                                               ryan@RyanKimLaw.com